UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES A. TAYLOR, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER HOWARD, HACKETT, )<br>MILES, OFFICER JACKSON, PULLIUM, )<br>HUSKEY, BRADLEY, FERGUSON, and )<br>CCA, )<br>)<br>Defendants. | No.: 1:16-CV-55-CLC-SKL |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On May 4, 2017, the Court mailed an order to Plaintiff at the address listed on his complaint ordering Plaintiff to complete service packets for Defendants Pullium and Huskey [Doc. 6]. However, on June 19, 2017, the Court received notice from the Silverdale Detention Center that Plaintiff is no longer housed in their facility [see Doc. 7]. Thereafter, on July 20, 2017, the Court entered an order that required Plaintiff to show cause on or before August 12, 2017 as to why this matter should not be dismissed for want of prosecution [Doc. 8]. The Court also notified Plaintiff that, if he did not timely comply with the order, his case would be dismissed [*Id.*]. The deadline set by this Court has passed and Plaintiff has not complied with this order or otherwise communicated with the Court. It is therefore clear that Plaintiff has failed to provide the Court with notice of his correct address and, without his correct and current address the Court cannot communicate with him regarding his case. The Court previously ordered Plaintiff to inform the Court of any address

changes immediately and warned Plaintiff that failure to provide a correct address within fourteen days may result in the dismissal of this action [Doc. 6].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within fourteen (14) days of the change of address. E.D. Tenn. L. R. 83.13. The failure of a pro se party to timely respond

to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13. Since the fault lies with Plaintiff, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal: since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. In contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**